UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| USCOC OF GREATER MISSOURI, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-01489 |
| ) | |
| CITY OF FERGUSON, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Defendant's Motion to Dismiss (Doc. No. 55), filed June 11, 2008. The matter is fully briefed and ready for disposition.

## BACKGROUND

In its Order of May 14, 2008, the Court provided a detailed background of this case. (Doc. No. 49). For the sake of brevity, the Court will not restate this background again.

On March 7, 2008, Plaintiff filed an Amended Complaint alleging the following counts: (I) violation of the Federal Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332(c)(7)(B)(iii); (II) violation of the TCA, 47 U.S.C § 332(c)(7)(B)(i)(I); (III) violation of the TCA, 47 U.S.C. § 332(c)(7)(B)(i)(II); (IV): substantive due process; (V) procedural due process; (VI) equal protection; (VII) inverse condemnation and takings; (VIII) violation of 42 U.S.C. § 1983; and (IX) violation of Missouri state law. (Am. Compl. at pp. 4-14). On May 14, 2008, the Court granted summary judgment in Defendant's favor on Counts IV-IX of the Amended Complaint. (Doc. No. 49).

## MOTION TO DISMISS STANDARDS

1

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

### I. Count II

Defendant asserts that Count II fails to state a claim because Plaintiff does not allege facts showing that Defendant unreasonably discriminated against it. Plaintiff responds that it has pled an unreasonable discrimination claim adequately.

The TCA provides that: "The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof . . . shall not unreasonably discriminate among providers of functionally equivalent services . . . ." 47 U.S.C. § 332(c)(7)(B)(i)(I). Courts recognize that this language explicitly contemplates that some discrimination "among providers of functionally equivalent services" is allowed. Rather, the TCA only prohibits unreasonable discrimination. Ogden Fire Co. No. 1 v. Upper Chichester Township, 504 F.3d 370, 393 (3d Cir. 2007); Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 762 (11th Cir.

2

2005); see MetroPCS, Inc. v. City & County of San Francisco, 400 F.3d 715, 727 (9th Cir. 2005) (collecting cases). Most courts consider traditional "'bases of zoning regulation' such as 'preserving the character of the neighborhood and avoiding aesthetic blight'" to be reasonable discrimination. See MetroPCS, 400 F.3d at 727 (quoting AT&T Wireless PCS, Inc. v. City Council, 155 F.3d 423, 427 (4th Cir. 1998)); see also Sprint Spectrum L.P. v. Willoth, 176 F.3d 630, 639 (2d Cir. 1999).

Upon consideration, the Court will not dismiss this claim. Specifically, Plaintiff alleges that Defendant has "permitted applications for telecommunication towers similar to Plaintiff's Tower." (Am. Compl. at ¶ 24). Additionally, Plaintiff alleges that Defendant "unreasonably discriminated" against it by relying on factors "other than those permitted under the TCA." (Id. at ¶ 26). If proven true, these allegations would state all the necessary elements of an unreasonable discrimination claim.

**Count III**

Defendant asserts that Count III fails to state a claim because Plaintiff neither alleges any facts entitling it to relief nor alleges any facts explaining how Defendant's application of its zoning code violated the TCA. Plaintiff responds that Count III is plead adequately.

The TCA provides that: "The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof . . . shall not prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II). The Eighth Circuit has not discussed this provision, but other circuit courts have offered conflicting interpretations of it. See, e.g., MetroPCS, 400 F.3d at 730-35 (discussing the disputes between the circuits). Neither party, however, has discussed which

interpretation the Court should adopt.[1] As such, the Court will neither discuss the various approaches nor adopt one at this time. Rather, it will confines its analysis to determining whether Plaintiff alleges the basic element of an anti-prohibition clause claim: that the municipality's actions had the effect of denying personal wireless services.

Upon consideration, the Court will not dismiss this claim. Plaintiff alleges that Defendant applied its zoning authority in a way that all possible applications will be rejected. (Am. Compl. at ¶ 29). Additionally, Plaintiff alleges that the denials of its applications had the effect of prohibiting personal wireless services. (Id. at ¶ 28). While Plaintiff faces a heavy burden of proving these allegations, VoiceStream Minneapolis, 342 F.3d at 834, these allegations, if proven true, may satisfy § 332(c)(7)(B)(i)(II).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 55) is **DENIED**.

Dated this 5th day of August, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] For an overview of the various approaches, see MetroPCS, 400 F.3d at 730-35; USCOC of Va. RSA #3 v. Montgomery County Bd. of Supervisors, 343 F.3d 262, 268 (4th Cir. 2003); VoiceStream Minneapolis, Inc. v. St. Croix County, 342 F.3d 818, 833-34 (7th Cir. 2003); Nat'l Tower, LLC v. Plainville Zoning Bd. of Appeals, 297 F.3d 14, 20 (1st Cir. 2002); Omnipoint Communications Enters., L.P. v. Newtown Township, 219 F.3d 240, 243-45 (3d Cir. 2000); Sprint Spectrum L.P. v. Willoth, 176 F.3d 630, 639-44 (2d Cir. 1999)